UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Edna Wilder, as Personal Representative
of the Estate of Jane Hewett,

    Plaintiff,

v.

R.J. Reynolds Tobacco Company,
and Philip Morris USA, Inc.,

    Defendants.

Civil No. 3:09-cv-10109

**ORDER**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Joel B. Toomey, dated January 21, 2015. In the R&R, Magistrate Judge Toomey recommends the denial of Defendants' Motions for Attorney's Fees. Defendants filed a timely objection to the R&R.

After a review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)).

Florida law provides for the imposition of costs and attorney's fees on the plaintiff in

a civil lawsuit when that plaintiff refuses a defendant's offer of judgment and the plaintiff's ultimate recovery is at least 25 percent less than the offer. Fla. Stat. § 768.79(1). As Defendants here point out, this statute is not permissive, and thus the award of costs and fees is the general rule in Florida when civil plaintiffs reject offers of judgment and do not ultimately recover a sufficient percentage of the amount offered. But the award of costs and fees is not automatic and must be evaluated under the statute's good-faith standard. Id. § 768.79(7)(a). In other words, the Court "may, in its discretion, determine that an offer was not made in good faith" and thus that an award of costs and fees is not appropriate. Id.

Defendants' offers in the instant matter, totaling $14,000, were made 45 days before trial was set to commence and after significant, and costly, pretrial practice for both sides. Plaintiff unsurprisingly rejected the offers, and at trial the jury returned a verdict in favor of Defendants. After exhaustively discussing the relevant law and the facts of this case, Magistrate Judge Toomey determined that the offers were not made in good faith and that therefore Defendants were not entitled to their costs and fees. This Court agrees with that determination.

Defendants insist that Plaintiff has not satisfied her burden to show that Defendants' offers were not made in good faith, insisting that the short jury deliberation time and the defense verdict mean that Plaintiff's case had little value. Having presided over the trial, the Court disagrees. As Defendants are well aware, tobacco cases in this District can and often do result in large verdicts in favor of smokers. Plaintiff's case was not as weak as Defendants suggest, and the fact that the jury ultimately agreed with Defendants is not

conclusive evidence that Defendants' low pre-trial offers of judgment were made in good faith. The determination of good faith is a subjective one that is committed to the sound discretion of the trial court. It is this Court's opinion that Defendants' offers were not made in good faith, and they are therefore not entitled to their fees and costs under § 768.79.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Report and Recommendation (Docket No. 246) is **ADOPTED**;

2. Defendant Philip Morris USA Inc.'s Motion for Attorney's Fees (Docket No. 235) is **DENIED**; and

3. Defendant R.J. Reynolds Tobacco Company's Motion for Attorney's Fees (Docket No. 237) is **DENIED**.

Dated:   February 19, 2015

   *s/Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge